UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILEY M. SMITH | ) | |
| | ) | Civil No. 11-99-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CITY OF CORBIN, KENTUCKY, | ) | **ORDER** |
| | ) | |
| RICK BAKER, in his Official Capacity as Corbin Police Officer, and in his Individual Capacity, | ) ) ) | |
| | ) | |
| COY WILSON, in his Official Capacity as Corbin Police Officer, and in his Individual Capacity, | ) ) ) | |
| | ) | |
| WHITLEY COUNTY, KENTUCKY, and | ) | |
| | ) | |
| KENNETH MOBLEY, Whitley County Jailer in his Individual Capacity | ) ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movies and television shows based on the legal system have been popular sources of entertainment for decades. The public identifies with such productions for many reasons, undoubtedly in part because of the twists and turns that can be written in to these stories. When new evidence was discovered on the eve of trial this case appeared to be headed towards a dramatic moment Hollywood producers would envy—a sequence when fast music would play and audiences would gasp. But the law got in the way of the facts. And now this case enters a period of time that Hollywood would never show an audience.

In this Memorandum Opinion and Order, the Court is addressing Plaintiff Wiley Smith's Motion for Relief based on Federal Rule of Civil Procedure 60(b). [R. 176.]  Smith's motion claims that a previously undisclosed incident report from the Whitley County Detention Center (WCDC) created on the morning after Smith's arrest requires the Court to reconsider its decision granting summary judgment to Whitley County and Kenneth Mobley.  After careful consideration of this new evidence, the Court finds that the high standard of Rule 60(b) has not been met, and Smith's Motion will be DENIED.

# I

The facts of this case were extensively described in the Memorandum Opinion and Order filed in response to Defendants' motions for summary judgment. [R. 136.]  Familiarity with the facts will be assumed and this Order will only elaborate on specific points related to the pending matter.

The Court granted summary judgment in Kenneth Mobley and Whitley County's favor a few weeks before trial.  Summary judgment was granted for Rick Baker, Coy Wilson, and the City of Corbin ("Corbin Defendants") on some claims, but other claims persisted.  The remaining parties began to prepare for trial, scheduled for January 28, 2013.  Four days before trial, counsel for the Corbin Defendants filed notice of newly discovered evidence. [R. 174.]  This evidence consisted of an incident report prepared by employees of the WCDC. [R.176-1.]

The report was created at 9:27 A.M. on April 3, 2010—the morning after Smith was arrested. [R. 174-1.]  Tammy Powers is listed as the creator of this report, though Charles Kersey is identified as the party whose observations were recorded.  Kersey explained that he went into Smith's cell to check on him:

2

> At that time I talked to Inmate John Kanter and he stated that Inmate Smith had peed on himself and in the floor.  I asked Inmate Smith what was going on and Inmate Smith stated that he couldn't get up due to his ankle.  I deputy Charles kersey looked at Inmate Smith's ankle and it was bruised badly with swelling.  I Deputy Kersey told Shift Supervisor scott lake to come to cell 187 to check on Inmate Smith with me.  Supervisor stated that he was going to make a phone call to Jailor Ken Mobley, to let him know what was going on with Inmate Smith.

[*Id*. (quoting the language exactly as it appeared in the report).]  Notable aspects of this report include the parties involved—none of whom had been previously disclosed [*see* R. 16; R. 183 at 11]—and the timing of the report, which bridges a span of time during which little was known about Smith's condition. [*See* R. 136 at 5.]

Rule 60(b)(2) permits courts to grant relief from an order if new evidence is discovered, due diligence was expended in obtaining that evidence, and "the evidence is material and controlling and clearly would have produced a different result if presented" earlier. *Good v. Ohio Edison Comp.*, 149 F.3d 413, 423 (6th Cir. 1998) (quoting other sources); *see also Taylor v. Streicher*, 469 F. App'x 467, 468 (6th Cir. 2012).  Impeaching or cumulative evidence does not constitute new evidence. *Id*.  Rather, the new evidence must relate to evidence already known about, but establish facts that were previously unknown. *Hickman v. Moore*, 2012 WL 4857037, at *11 (6th Cir. Oct. 15, 2012) (citations omitted).

## II

The Motion to Reconsider covers three claims,[1] all of which are based on 42 U.S.C. § 1983.  Deliberate indifference to serious medical needs claims were previously considered

---

[1] Smith also vaguely alleges that the Court should reconsider a negligence claim against Mobley.  Developed argumentation was not presented for this claim in Smith's Response to Mobley's motion for summary judgment [R. 94 at 14] or in his Complaint [R. 108 at 19-20].  It is again lacking in this motion. [R. 176 at 6.]  The Court declines Smith's implied invitation to make arguments on his behalf.

against Mobley, in his Individual Capacity, and Whitley County. [R. 108 at 14.] The claim against Mobley was not analyzed because the prerequisite of personal involvement was not satisfied. [R. 136 at 9.] Judgment was granted in favor of Whitley County on the merits. [*Id*. at 26.] Smith also brought a failure to train claim against Whitley County, and judgment was granted for Whitley County on the merits. [*Id*. at 23.]

The law of deliberate indifference is outlined in the Court's summary judgment order and is incorporated here by reference. [R. 136 at 24.] Mobley received summary judgment because there was no proof of his personal involvement with Smith. [*Id*. at 9.] This incident report indicates that Mobley may have become involved, though the proof before the Court is not determinative of that fact. Nevertheless, for the purposes of this Order, his involvement will be assumed. Unfortunately for Smith, that does not clearly produce a different result—just a different way of achieving the same result.

Two physical manifestations from Smith were noted by Kersey: he urinated on himself and he had a bruised and swollen ankle. Smith also professed to be unable to stand. In response to that discovery, Mobley was going to be notified. This development means that Smith has now satisfied the knowledge aspect of subjective awareness. But to prove subjective awareness, Smith must show Mobley had knowledge of a risk to Smith's health *and* that he disregarded it.

Mobley, however, did not disregard the risk. The opposite occurred, in fact, and medical care was provided and Smith's release was arranged so he could seek additional aid. [R. 74 at 42.] Smith may not be satisfied with the attention he received from the WCDC, but that is irrelevant to a determination about deliberate indifference. Deliberate indifference, instead, involves awareness of a "substantial risk of serious harm to a prisoner" and "recklessly

4

disregarding that risk." *Jerauld ex rel. Robinson v. Carl*, 405 F. App'x 970, 976 (6th Cir. 2010). Careless or ineffective care, while potentially negligent, does not constitute deliberate indifference. *Id*. Furthermore, Mobley's actions are under scrutiny here—not those of a medical provider—so the important question is whether he showed deliberate indifference by playing a role in Verna Halcomb examining Smith three hours and thirty minutes after Kersey's discovery.[2] The situation in *Raheem v. Stout*, 101 F. App'x 603, 605-06 (6th Cir. 2004) is instructive in the Court's rejection of Smith's argument.

In *Raheem*, a prisoner injured his ankle when he slipped on ice. *Id*. at 604. A prison guard allegedly forced Raheem to walk without assistance back to his cell. *Id*. A nurse visited him later that day and wrapped Raheem's ankle and gave him a wheelchair. *Id*. Several days later another nurse tended to Raheem; eight days later a doctor examined him; and more than three weeks later an x-ray was ordered, revealing a broken ankle. *Id*. Raheem sued the prison guard, among others, for deliberate indifference. The Sixth Circuit held that deliberate indifference was not shown, as indeed, "the defendants did not refuse to provide Raheem with medical care" and responded to his medical condition. *Id*. at 606-07.

This result applies in equal force to the deliberate indifference claim against Whitley County. As explained in the Court's summary judgment order, [R. 136 at 26] Whitley County can only be liable for deliberate indifference if one if its officers acted in that way. *Lee v. Metro. Gov't of Nashville and Davidson Cnty*., 432 F. App'x 435, 449 (6th Cir. 2011). The late-arriving evidence does not shed any new light on actors who were deliberately indifferent. Consequently,

---

[2] This analysis and conclusion do not change if Mobley was at WCDC or notified by phone. The question remains, was Mobley deliberately indifferent by ensuring a medical professional examined Smith less than four hours after Kersey's observation? The answer is no.

5

one of that claim's elements is not satisfied.

With regard to the failure to train claim against Whitley County, the new evidence provides no additional justification for this claim and does not clearly produce a different result. It is "manifestly *not* the defendants' duty to show . . . that training was adequate; it [is] the plaintiff[']s] burden to show that such training was inadequate." *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 566 (6th Cir. 2011). As noted in the summary judgment order, a failure to train claim premised on the harm suffered by a party is focused on the wrong target. [R. 136 at 17-19, 21-23.] Smith has not shown in any way how training with respect to treatment of injuries was inadequate except by mentioning what took place. [R. 176 at 6.] Something more than Smith's injury is needed to support this claim, but nothing else is provided.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Smith's Motion to Reconsider [R. 176] is **DENIED**;

(2) The updated dispositive motion deadline is **SET ASIDE** as this Order renders that deadline unnecessary; and

(3) The dates for the Final Pretrial Conference and Jury Trial remain as scheduled [R. 182].

This 28th day of February, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge